**Rogelio GOMEZ–ARAUZ, Plaintiff,**

*v.*

**D. Gene McNARY, Commissioner of the Immigration and Naturalization Service, United States Department of Justice, Defendant.**

**No. CIV–90–1910–R.**

United States District Court,
W.D. Oklahoma.

April 1, 1991.

E. Vance Winningham, Winningham & Associates, P.C., Oklahoma City, Okl., for plaintiff.

Timothy D. Leonard, U.S. Atty., Ronny D. Pyle, Asst. U.S. Atty., Oklahoma City, Okl., for defendant.

## ORDER

DAVID L. RUSSELL, District Judge.

Before the Court is Plaintiff's motion for a preliminary mandatory injunction directing Defendant to grant Plaintiff authorization to work until a final hearing and determination of the merits in this case. On February 27, 1991, after initial briefing, a hearing was held at which the Court informed the parties that it would treat the motion as one for a permanent injunction, i.e. that it would consolidate the hearing with trial on the merits pursuant to F.R. Civ.P. 65(a)(2), if there was no objection. Both parties consented to such treatment. Plaintiff presented no testimony at the hearing. Both parties made legal arguments and Defendant submitted documentary evidence. The Court requested additional briefs. The supplemental briefs have been filed and the Court is now prepared to enter its decision on Plaintiff's Amended Complaint for declaratory and permanent injunctive relief.

*Findings of Fact*

1. On October 30, 1990, Plaintiff filed an application for employment authorization with the Immigration and Naturaliza-

tion Service ("INS"). As eligibility grounds for his application, Plaintiff stated therein: "All sections of 8 C.F.R. 274a.12 for which I may be eligible, including but not limited to: (c)(9); (c)(10) and (c)(13). With his application, Plaintiff submitted an addendum setting out his income, assets monthly expenses/liabilities and other living expenses.

2. By a letter to Plaintiff dated December 12, 1990, the INS denied Plaintiff's application for employment authorization citing Plaintiff's immigration fraud with respect to his marital arrangements, noting that recent changes in the law would require proof by clear and convincing evidence that his marriage was not entered into for immigration purposes; that Plaintiff had been order deported; the denial of Plaintiff's application for suspension of deportation; and Plaintiff's criminal record. The letter concluded by stating: "Employment authorization is a discretionary matter and in light of your history of attempted fraud as well as your criminal record, a favorable exercise of discretion is not warranted."

3. Plaintiff was found to be deportable on June 13, 1989.

4. Plaintiff made applications for suspension of deportation and voluntary departure, which applications were denied by Immigration Judge John A. Duck, Jr. on August 6, 1990. Plaintiff has appealed this decision to the Board of Immigration Appeals ("BIA"). No final decision has been rendered and no final order of deportation has been entered.

5. Plaintiff filed an application for adjustment of status to lawful permanent resident (INS form "I–485") based on his marriage to a U.S. citizen, which is pending. His putative spouse filed a Petition for Alien Relative (INS form "I–130") which was denied. An appeal from this denial is pending before the BIA.

6. The addendum to Plaintiff's October 30, 1990 application establishes Plaintiff's economic need to work.

7. Plaintiff meets the eligibility requirements for employment authorization under 8 C.F.R. § 274a.12(c)(9) & (10). Plaintiff meets the eligibility requirement that he be an "alien against whom ... deportation proceedings have been instituted, who does not have a final order of deportation ..., and who is not detained...." of 8 C.F.R. § 274a.12(c)(13).

8. Plaintiff has not worked since approximately June of 1989, when he was found to be deportable. Transcript of Oral Decision of the Immigration Judge, *In re Gomez–Arauz*, No. A 23 051 115 (August 6, 1990) at p. 5 (Government Exhibit 1).

9. Effective June 25, 1990, the INS amended 8 C.F.R. § 274a.13(a). Prior to that date, that section provided as follows:

(a) *General.* An application (in the form of a written request) for employment authorization by an alien under § 274a.12(c) and Part 214 of this chapter shall be filed with the district director having jurisdiction over the applicant's residence. Except for paragraph (c)(8) of this section, the approval of an application for employment authorization shall be within the discretion of the district director. Where economic necessity is identified as a factor, the alien must provide information regarding his or her assets, income, and expenses on the application for employment authorization.

The amendment deleted the second sentence of section 274a.13(a) altogether.

### Summary of Arguments

Plaintiff argues that the amendment to 8 C.F.R. § 274a.13(a) removed any discretion on the part of the district director with respect to work authorization for aliens described in subsections (c)(9) and (c)(10). Plaintiff contends that as long as he meets the eligibility requirements, which he contends and the Court has found he does meet, the INS district director must grant work authorization. Defendant on the other hand focuses on the fact that the classes of aliens under subsection (c) must make *application* for work authorization, which it argues necessarily implies that authorization is not automatic but discretionary. Defendant also suggests that the language "[i]f authorized" in Section 274a.12(c) and

the language "[i]f the application is granted [or denied]" in Section 274a.13(b) & (c) contemplate that there is discretion to deny work authorization. Defendant argues that the language of Section 274a.13(a) specifically referring to the director's discretion was deleted so as to give the director discretion with respect to work authorizations for the class of aliens described in Section 274a.12(c)(8), which was formerly not in his discretion, rather than to remove all discretion from the director. To this argument, Plaintiff responds by asserting that had that been the intent of the INS, it would have merely deleted the language "[e]xcept for paragraph (c)(8) of this section." Plaintiff does not argue that the district director is without discretion under Section 274a.12(c)(13). Plaintiff argues that he meets each of the discretionary considerations listed in Section 274a.12(c)(13).

Alternatively, Plaintiff asserts that if the district director has discretion under 8 C.F.R. § 274a.12(c), the director abused that discretion by denying Plaintiff's application for employment authorization arbitrarily, capriciously or for reasons which evince a complete disregard of the law and facts.

### Discussion

■■■ An agency's interpretation of its own administrative regulation is of controlling weight unless it is plainly erroneous or inconsistent with the regulation. *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700, 1702 (1945); *Colorado Department of Labor & Employment v. United States Department of Labor*, 875 F.2d 791, 797 (10th Cir.1989). *See United States v. Larionoff*, 431 U.S. 864, 872, 97 S.Ct. 2150, 2155, 53 L.Ed.2d 48, 56 (1977); *Udall v. Tallman*, 380 U.S. 1, 16–17, 85 S.Ct. 792, 801–02, 13 L.Ed.2d 616, 625 (1965). However, the amendment to the regulations in issue, deleting the sentence in 8 C.F.R. § 274a.13(a) referring to the district director's discretion, did not take effect until June 25, 1990 and Defendant has presented no evidence indicating that the INS has ever interpreted the amended regulations in the manner

that it has in this case. The Court has found no reported cases or decisions in which Defendant has advanced the interpretation of the amended regulations that it has urged herein or, for that matter, any interpretation of the amended regulations. Accordingly, the presumption of correctness given an agency's construction of its own regulations is not applicable in this case. *See United Transportation Union v. Dole*, 797 F.2d 823, 829 (10th Cir.1986). *Compare with Udall v. Tallman*, 380 U.S. at 17, 85 S.Ct. at 802, 13 L.Ed.2d at 626 (agency interpretation of regulation "had, long prior to respondents' applications, been a matter of public record and discussion") *and with Hoover & Bracken Energies, Inc. v. United States Department of Interior*, 723 F.2d 1488 (10th Cir.1983) (agency interpretation consistent with its ruling in similar case ten years earlier). *Cf. Investment Company Institute v. Camp*, 401 U.S. 617, 627–28, 91 S.Ct. 1091, 1097, 28 L.Ed.2d 367, 376–77 (1971) (construction of regulatory statute by agency charged with its enforcement is not entitled to great weight where such "construction" is in reality counsel's post hoc rationalization in litigation for agency action). However, even if the Court could infer from the letter denying Plaintiff's application that the INS has, at least previous to this litigation, interpreted the amended regulations consistent with its arguments herein such that that interpretation is of controlling weight unless plainly erroneous or inconsistent with the amended regulations, the Court concludes that Defendant's interpretation of the amended regulations is plainly inconsistent with those regulations.

The Court is persuaded by Plaintiff's argument, the language of the regulations and cases construing the regulations, preamendment, that deletion of the language in 8 C.F.R. § 274a.13(a) removed any discretion of the district director to deny employment authorization to anyone in the classes of aliens listed in 8 C.F.R. § 274a.12(c) if he or she meets the eligibility requirements of the subparagraph thereunder pursuant to which application is made and that subparagraph itself does not

vest in the director discretion to deny authorization even if the eligibility requirements therefor are met.

First, the Court agrees with Plaintiff that if the intent of the INS in amending § 274a.13(a) had been to give the district director unfettered discretion to deny employment authorization to any alien making application under § 274a.12(c), *including* subparagraph (c)(8), the more logical, unambiguous and simpler way to do so would have been merely to delete the language "[e]xcept for paragraph (c)(8)...."

Secondly, the language which Defendant relies on as conferring discretion—"if authorized," 8 C.F.R. § 274a.12(c) and "[i]f the application is granted," 8 C.F.R. § 274a.13(b); *see also* 8 C.F.R. § 274a.13(c)—was present in the regulations before the amendment and applied to applications for employment authorization under § 274a.12(8) when § 274a.13(a) also provided that "[e]xcept for paragraph (c)(8), the approval of an application for employment authorization shall be within the discretion of the district director." Defendant by its argument tacitly admits that at such time, the district director had no discretion with respect to applications for employment authorization made pursuant to § 274a.12(c)(8). Moreover, at least one court has held that the regulations before the amendment in issue here "require[d] the INS ... to grant employment authorization to any alien who has filed a 'nonfrivolous' application for asylum," *Ramos v. Thornburgh,* 732 F.Supp. 696, 697 (E.D. Tex.1989), notwithstanding the conditional language on which Defendant relies, which *also* related to paragraph (c)(8).

Thirdly, *some* subparagraphs of § 274a.12(c) on their face permit the exercise of discretion by providing that an alien who meets the eligibility requirements of that paragraph *"may* be granted" permission to work and setting out factors which may be considered in determining whether to grant such permission under that paragraph. *See, e.g.,* 8 C.F.R. § 274a.12(c)(12) & (13). *See also Perales v. Casillas,* 903 F.2d 1043, 1049 (5th Cir.1990). Those subparagraphs stand in stark contrast to other subparagraphs, e.g., § 274a.12(c)(9), which simply set out the eligibility requirement for that class of alien, do not state that they *may* be granted employment authorization and do not contain a list of factors to consider in determining whether to grant employment authorization. If, as Defendant suggests, the INS has unfettered discretion to deny *any* application for employment authorization under § 274a.12(c), and any subparagraph thereof, it would be illogical and inconsistent to set out factors which the INS may consider in denying applications under certain subparagraphs and only under those subparagraphs. If the language in § 274a.12(c) and in § 274a.13(b) & (c) itself indicates that the INS has discretion to deny an application under any subparagraph of § 274a.12(c), as Defendant posits, then much of the language in subparagraphs (c)(12) and (c)(13) is rendered nugatory as superfluous. Accordingly, the Court concludes and holds that the district director has no discretion to deny an application for employment authorization under 8 C.F.R. § 274a.12(c)(9) & (10) once the eligibility requirements are met, including, with respect to (c)(10), that an economic need to work has been established. This *interpretation of the regula*tions is consistent with INS Form I–765. The parties agree that the amendment of 8 C.F.R. § 274a.13(a), making the above-described deletion, was intended to make the regulations conform to Form I–765.

With respect to applications under § 274a.12(c)(13), it should be clear from what has already been said that the district director *does* have discretion to deny those applications based upon the factors cited in that paragraph as well as other factors. *See Perales v. Casillas,* 903 F.2d at 1049. And because paragraph (c)(13) permits consideration of other factors, it provides no standards for the Court to apply in reviewing the agency's action. *Id.* Moreover, there are no statutes regulating employment authorization. Therefore, there is no basis for concluding that the INS abused its discretion and any injunction ordering the INS to grant Plaintiff work authorization pursuant to § 274a.12(c)(13) would be improper. *Id.* at 1049–50. *See Heckler v.*

*Chaney,* 470 U.S. 821, 830, 105 S.Ct. 1649, 1655, 84 L.Ed.2d 714, 723 (1985); *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 410, 91 S.Ct. 814, 820, 28 L.Ed.2d 136, 150 (1971).

██ Plaintiff seeks a mandatory injunction requiring Defendant to grant Plaintiff employment authorization until final orders have been entered on his application for change of status and on his application for suspension of deportation. Accordingly, the Plaintiff must demonstrate irreparable injury. *See, e.g., Rondeau v. Mosinee Paper Corp.,* 422 U.S. 49, 95 S.Ct. 2069, 45 L.Ed.2d 12 (1975). An alien's sustained inability to work as a result of the unlawful denials of employment authorization may constitute irreparable harm because monetary damages at some future time cannot compensate an alien living below the poverty line and, when deportation remains a threat, the illusory nature of a future damage award renders such a remedy inadequate. *See generally Ramos v. Thornburgh,* 732 F.Supp. at 699–700 and cases cited therein. Moreover, Defendant does not argue that Plaintiff has not been or will not be irreparably harmed by denial of employment authorization or that he has an adequate remedy at law.

### Conclusions of Law

1. The district director has no discretion after June 25, 1990, the effective date of the amendment of 8 C.F.R. § 274a.13(a), to deny employment authorization pursuant to 8 C.F.R. § 274a.12(c)(9) & (10) (1990) provided an alien applicant meets the eligibility requirements of (c)(9) & (c)(10) and, with respect to the latter, that the alien applicant establishes an economic need to work.

2. Plaintiff Rogelio Gomez–Arauz, at the time he filed his application for employment authorization on October 30, 1990, met the eligibility requirements of both 8 C.F.R. § 274a.12(c)(9) and (c)(10) and established that he had an economic need for work.

3. Defendant, through the INS district director, improperly and unlawfully denied Plaintiff's application for employment authorization based on 8 C.F.R. § 274a.12(c)(9) and (c)(10).

4. The INS district director has discretion to grant or deny an application for employment authorization under 8 C.F.R. § 274a.12(c)(13) based on the factors listed therein and other factors.

5. There are no statutory or regulatory standards by which to determine whether the INS abused its discretion in denying Plaintiff Rogelio Gomez–Arauz's application for employment authorization under 8 C.F.R. § 274a.12(c)(13). Accordingly, this Court may not review the denial of Plaintiff's application based on § 274a.12(c)(13).

6. Plaintiff has been and will continue to be irreparably harmed by the improper, unlawful denial of his application for employment authorization under § 274a.12(c)(9) & (10). Plaintiff does not have an adequate remedy at law.

7. Defendant should be and is hereby ordered to grant Plaintiff Rogelio Gomez–Arauz employment authorization pursuant to 8 C.F.R. § 274a.12(c)(9) and (c)(10) until such time as final orders are entered on Plaintiff's application for permanent residence and his applications for suspension of deportation and voluntary departure.

IT IS SO ORDERED.